1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALEXIA MICHELLE CONATE,

11            Plaintiff,                    No. 2:08-cv-0418 FCD JFM (PC)

12        vs.

13   J. MURILLO, et al.,

14            Defendants.            FINDINGS & RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.  This matter is before the court on defendant s' June

18   18, 2008 motion to dismiss pursuant to the unenumerated provisions of Rule 12(b) of the Federal

19   Rules of Civil Procedure for failure to exhaust administrative remedies prior to suit.

20            On April 10, 2008, the court advised plaintiff of the requirements for opposing a

21   motion to dismiss for failure to exhaust administrative remedies.  See Wyatt v. Terhune, 305

22   F.3d 1033 (9th Cir. 2002).  On August 5, 2008, plaintiff filed a partial opposition to defendants'

23   motion.[1]  This document included a request for an extension of time to file a further opposition.

24   /////

25   _____

26        [1] This document is docketed as a request for extension of time and is document # 14 in
     the court record.  It is referred to herein as plaintiff's partial opposition.

1

1  By order filed August 21, 2008, plaintiff was granted an additional thirty days in which to file an

2  opposition to defendants' motion.  Plaintiff has not filed any further opposition.

3                                              ANALYSIS

4            "Section 1997e(a) of Title 42 of the United States Code provides:

5            No action shall be brought with respect to prison conditions under
            [42 U.S.C. § 1983], or any other Federal law, by a prisoner
6            confined in any jail, prison, or other correctional facility until such
            administrative remedies as are available are exhausted.

7

8  This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."

9  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  Exhaustion must precede the filing of

10  the complaint; compliance with the statute is not achieved by satisfying the exhaustion

11  requirement during the course of an action.  Id. at 1199-1200.  Claims dismissed for failure to

12  exhaust administrative remedies should be dismissed without prejudice.  Id. at 1200.

13            California's Department of Corrections provides a four-step
            grievance process for prisoners who seek review of an
14            administrative decision or perceived mistreatment. Within fifteen
            working days of "the event or decision being appealed," the inmate
15            must ordinarily file an "informal" appeal, through which "the
            appellant and staff involved in the action or decision attempt to
16            resolve the grievance informally." Cal.Code Regs., tit. 15, §§
            3084.5(a), 3084.6(c).  [Footnote omitted.]  If the issue is not
17            resolved during the informal appeal, the grievant next proceeds to
            the first formal appeal level, usually conducted by the prison's
18            Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the
            second level, providing review by the institution's head or a
19            regional parole administrator, and the third level, in which review
            is conducted by a designee of the Director of the Department of
20            Corrections.  [Footnote omitted.]  Id. § 3084.5(e)(1)-(2).

21  Brown v. Valoff, 422 F.3d 926, 929 (9th Cir. 2005).  State regulations provide that

22            Appeals shall be responded to and returned to the appellant by staff
            within the following time limits:

23
            (1) Informal level responses shall be completed within ten working
24            days.

25            (2) First level responses shall be completed within 30 working
            days.

26

1        (3) Second level responses shall be completed within 20 working
days, or 30 working days if first level is waived pursuant to section
2        3084.5 (a)(3).

3        (4) Third level responses shall be completed within 60 working days.

4  Cal.Code Regs., tit. 15, § 3084.6(b).

5        This action was filed on February 25, 2008.  In the complaint, plaintiff alleges that

6  she[2] was "brutally assaulted" by defendants on "the 16th of December."  Complaint, filed

7  February 25, 2008. at 2.  In her partial opposition, filed August 5, 2008, plaintiff refers to the date

8  of the incident as December 16, 2007.

9        In support of their motion to dismiss, defendants have presented evidence that

10  prior to February 25, 2008, plaintiff "submitted no grievances" that were "accepted for review" at

11  her prison facility.  Declaration of R. Carter, filed June 18, 2008, at ¶ 3.  Defendants have also

12  presented evidence that no appeals from plaintiff "have ever been accepted . . . for a Director's

13  Level Decision."   Declaration of N. Grannis, filed June 18, 2008, at ¶ 3.  In her partial

14  opposition, plaintiff alleges that she "was not able to exhaust my administrative remedies due to

15  the fact that my appeal dated 2-14-08 was 'lost' with the Appeals Coordinator R. Carter" and that

16  she tried several times without success to get the appeal back.  Plaintiff's Partial Opposition,

17  filed August 5, 2008.

18        The incident from which the claim at bar arose took place on December 16, 2007.

19  It appears from plaintiff's partial opposition that she filed an administrative appeal with the

20  appeals coordinator, i.e., at the first formal level of review, on February 14, 2008.  Prison

21  officials had thirty days, or until March 15, 2008, to respond to plaintiff's administrative appeal

22  at that level of review.  Plaintiff filed this action on February 25, 2008, well before the response

23  to her grievance was due from the first formal level of review, and without proceeding to either

24

25        [2] Plaintiff is incarcerated at a male prison under the name Alex Miguel Conate.  Plaintiff
has identified herself in the complaint as Alexia Michelle Conate.  The court will use the female
26  pronoun in referring to plaintiff.

the second or the third and final level of administrative review.  Plaintiff failed to exhaust

administrative remedies prior to filing this action.  For that reason, the action must be dismissed

without prejudice.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Defendants' June 18, 2008 motion to dismiss be granted; and

2.  This action be dismissed without prejudice for failure to exhaust administrative

remedies prior to suit.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 30, 2008.

UNITED STATES MAGISTRATE JUDGE

12
cona0418.mtd